■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN RICH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered April 3, 1989, convicting him of grand larceny in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Orenstein, J.), after a hearing (Collins, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities is granted to the extent that the statements made by him after the execution of a cooperation agreement are suppressed, and is otherwise denied, his plea of guilty is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings on the indictment. The findings of fact

have been considered and are determined to have been established.

The defendant was arrested in connection with an alleged conspiracy to burglarize a Nassau County jewelry store. During the course of the defendant's interrogation, he expressed a desire to cooperate with the authorities in the hope of obtaining leniency with regard to the conspiracy charge and also with respect to his involvement in an unrelated theft of a large quantity of cartons of cigarettes. An Assistant District Attorney who was familiar with the cases was thereupon summoned to speak with the defendant. As part of his discussions with the defendant, the Assistant District Attorney asked that the defendant execute a preprinted "cooperation form", which contained, *inter alia,* the following provision: "I understand that nothing I say in the course of these discussions can be used against me in court". The defendant and the Assistant District Attorney jointly executed the document, and thereafter, the defendant provided written statements admitting his complicity in the theft of the cigarettes and the conspiracy to burglarize the jewelry store. The defendant's motion to suppress on the basis of, *inter alia,* the cooperation agreement, was denied. We reverse.

Contrary to the People's contentions, the plain language of the cooperation agreement unqualifiedly warrants that nothing said "in the course of these discussions can be used against [the defendant] in court". We reject the People's contention that the agreement was not meant to apply to the crimes with respect to which the defendant offered statements. Such a construction of the agreement not only contradicts its plain meaning, it also illogically renders the agreement without any affect whatsoever, since, insofar as the record reveals, no information pertaining to any other crimes was ever offered by the defendant. In light of the foregoing, the statements obtained subsequent to the execution of the cooperation agreement must be suppressed, and the defendant's plea of guilty vacated.

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.